UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TIMOTHY T. HUBER,

    Plaintiff,                    No. CIV S-2:12-1408-KJM-DAD

    vs.

ALYSON HUBER,

    Defendant.

ORDER

/

          Plaintiff Timothy Huber filed this action on May 22, 2012, seeking declaratory relief as to how certain income should be treated on the parties' federal income taxes as a result of their currently pending divorce proceeding in California state court. (ECF 1.) Defendant Alyson Huber moved to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1) on June 15, 2012. (ECF 7.) In the interest of preserving judicial resources and the admittedly confused state of Circuit law on this point, the court construes defendant's motion as brought under Rule 12(b)(6). *See Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 852-54 (9th Cir. 2011) (observing that some imprecise language used by the Circuit and U.S. Supreme Court suggests the Act provides discretionary jurisdiction and clarifying that, in fact, it merely expands the available remedies for a jurisdictionally sufficient

1

claim.); *Wells v. U.S.*, 746 F. Supp. 1024, 1028 (D. Haw. 1990) (granting Rule 12(b)(6) motion where declaratory relief for tax claim was barred by the Act). For the reasons set forth below, defendant's motion is granted.

The Declaratory Judgment Act (the "Act") provides, in relevant part: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . " 28 U.S.C. § 2201. Plaintiff argues this action does not relate to taxes because all he seeks is direction as to who must claim certain income on his or her federal taxes and therefore it does not implicate the federal government's ability to collect or assess taxes. The court is not persuaded by plaintiff's proposed distinction. According to plaintiff, "[t]he only issue raised by this action is whether Defendant is legally obligated to report her share of community property income on her return in compliance with the Internal Revenue Code." (ECF 8 at 1-2.) Therefore, by his own admission, and as made clear by the complaint, this case relates to "Federal taxes." As such, plaintiff's requested relief is proscribed by the Act. *See, e.g., State of Cal. By and Through Deukmejian v. Regan*, 641 F.2d 721, 722-23 (9th Cir. 1981) (holding that the case fell within the ambit of the tax exemption of the Act because "[t]he [contested] filing requirement will have an impact on the assessment of federal taxes."); *Bob Jones University v. Simon*, 416 U.S. 725, 732 n.7 & 749 (1974) (noting that "congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments," that the Act is at least as broad as the Anti-Injunction Act, and holding that the court lacked jurisdiction to hear a challenge to the IRS's proposed revocation of tax exempt status under the Anti-Injunction Act); *Alturas Indian Rancheria v. California Gambling Control Comm'n*, No. CIV S–11–2070 LKK/EFB, 2011 WL 6130912, at *3-4 (E.D. Cal. Dec. 8, 2011) (declining to declare the plaintiffs the beneficiary of certain California Trust monies as "an attempt 'to define the relief it seeks in terms permitted by the' Declaratory Judgment Act, while

'ignoring the ultimate deleterious effect such relief would have on the Government's taxing ability.'") (quoting *International Lotto Fund v. Virginia State Lottery Dep't*, 20 F.3d 589, 591 (4th Cir.1994)).  Because this court cannot provide plaintiff with the remedy he seeks, the claim must be dismissed for failure to state a claim. Moreover, plaintiff does not seek leave to amend and it is apparent that his claim's viability cannot be cured through further factual pleadings. Therefore, defendant's motion to dismiss is granted without leave to amend. This case is closed.

        IT IS SO ORDERED.

DATED:  July 17, 2012.

                              UNITED STATES DISTRICT JUDGE